# EXHIBIT "A"



# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  21-A-1746

$198.00 COST PAID

Evans, Edwin Keith

**PLAINTIFF**

VS.

Johnson, Steven Antonio
Amritt Auto Transport, LLC
Trisura Specialty Insurance Company

**DEFENDANTS**

### SUMMONS

TO: TRISURA SPECIALTY INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Leonid Felgin**
**Law Office of Lisa Luong, P.C.**
**4554 Jimmy Carter Boulevard**
**Norcross, Georgia 30093**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 18th day of May, 2021.**

Clerk of State Court

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

5/21/2021
RSS 201843

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1746**

MAY 17, 2021 02:36 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

EDWIN KEITH EVANS,         )
                                   )

     **Plaintiff,**           )     **CIVIL ACTION FILE NO.:**
                                   )

**vs.**                            )     _____
                                   )

**STEVEN ANTONIO JOHNSON;**   )
**AMRITT AUTO TRANSPORT, LLC;** )
**And TRISURA SPECIALTY**       )
**INSURANCE COMPANY,**        )
                                   )

     **Defendants.**        )

## COMPLAINT FOR DAMAGES

    **COMES NOW**, EDWIN KEITH EVANS (hereinafter "Plaintiff"), Plaintiff in the above-captioned action, and files this his Complaint showing the court as follows:

1.

    Defendant **TRISURA SPECIALTY INSURANCE COMPANY** (hereinafter referred to as "Defendant Insurance Corporation") is a foreign insurance company not authorized to do business in the State of Georgia. Said Defendant Insurance Corporation may be served as provided by law, by serving its agent for service of process, Corporation Service Company, at the address of 10300 Greenbriar Place, Oklahoma City, OK 73159. This Defendant is subject to the jurisdiction and venue of this Court pursuant to the Georgia Long-Arm Statute, O.C.G.A. §9-10-91.

2.

    Defendant **AMRITT AUTO TRANSPORT, LLC** (hereinafter referred to as Defendant "Amritt") is, upon information and belief, a limited liability company organized in the State of Florida and not authorized to do business, in the State of Georgia. Service may be perfected by serving its agent for process Steven Johnson at the address of 4401 N.W. 41st Street, Apartment

408, Lauderdale Lakes, Florida 33319. This defendant is subject to the jurisdiction and venue of this Honorable Court pursuant to the Georgia Long-Arm Statute, O.C.G.A. §9-10-91.

3.

Defendant **STEVEN ANTONIO JOHNSON** (hereinafter referred to as Defendant "Johnson") is, on information and belief, an individual residing in the State of Florida. Defendant is subject to the venue and jurisdiction of this court under the Georgia Non-Resident Motorist Act, O.C.G.A. 40-12-1 et seq and pursuant to the Georgia Long-Arm Statute, O.C.G.A. §9-10-91. Service may be perfected by serving the Defendant at the address of 4401 N.W. 41st Street, Apt. 408, Lauderdale Lakes, Florida 33319.

4.

On or about the August 3, 2020, 9:40 a.m., Plaintiff was traveling North on I-285 in the 4th lane from the center median, at or near its exit with South Atlanta Road. At the same time Defendant Johnson was in the tractor-trailer, TAG No. JB47GQ, owned by Defendant Amritt Auto Transport, LLC, travelling North on I-285 in the 3rd lane from the center median. Suddenly, and without warning, Defendant Johnson failed to maintain his lane and veered into Plaintiff's lane of travel, striking the rear of Plaintiff's vehicle.  At all times relevant hereto, Defendant Johnon was negligent in the operation of his vehicle, and one or all of the actions outlined herein evidence negligence.

5.

Defendant Johnson was negligent in various acts and omissions, including failing to maintain his lane, in failing to use ordinary care and in driving without due care, which negligence was the actual and proximate cause of the collision in question.

## COUNT ONE

6.

Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 5 of his Complaint as if said paragraphs had been repeated and set forth verbatim herein.

7.

As a direct and proximate result of the afore-stated negligence of Defendant Johnson, Plaintiff has and will suffer physically and emotionally, including, but not limited to, serious personal injuries for which he seeks damages.

## COUNT TWO

8.

Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 7 of his Complaint as if said paragraphs had been repeated and set forth verbatim herein.

9.

As a direct and proximate result of the Defendant Johnson's negligence, Plaintiff has incurred substantial medical expenses, and other general and special damages, currently in excess of $233,738.14, and will likely incur expenses in the future, for which he seeks damages.

## COUNT THREE

10.

Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 10 of his Complaint as if said paragraphs had been repeated and set forth verbatim herein.

11.

Upon information and belief, Defendant Amritt Auto Transport, LLC is an interstate motor common carrier.

12.

Defendant Insurance Corporation had issued a policy of liability (indemnity) insurance which insured Defendant Amritt and/or Defendant Johnson, for its operation as a motor common carrier of freight for hire.

13.

Said policy for Defendant(s) was in force and effect on the date of the instant collision on August 3, 2020.

14.

The policy number of said liability policy is, upon information and belief, FOP10309-2020.

15.

Defendant Insurance Corporation is joined in this lawsuit pursuant to the authority of O.C.G.A. §46-7-12, and is liable as provided by law to satisfy any judgment in this case.

## COUNT FOUR

16.

Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 of his Complaint as if said paragraphs had been repeated and set forth verbatim herein.

17.

At all times relevant hereto, on information or belief, Defendant Johnson was employed by and/or with Defendant Amritt, acting within the scope of his employment.

18.

As such, Defendant Amritt is liable for the negligent actions of Defendant Johnson under the theory of respondeat superior.

**WHEREFORE**, Plaintiff prays as follows:

(a)    This Court assume jurisdiction of this case;

(b)    That process issue against the Defendants and that they be served in accordance with the laws of the State of Georgia;

c)    That Plaintiff's claims be tried by a jury on all issues triable by a jury as a matter of right;

(d)    That Plaintiff recover as judgment against the Defendants in an amount deemed just and reasonable by a jury of its peers as compensatory damages under Plaintiff's Complaint;

(e)   That Plaintiff be awarded such further and relief as this Court may deem just and reasonable.

This 17th day of May, 2021.

Respecffully submitted,

Leonid Felgin
Georgia Bar No. 743786
Attorney for Plaintiff

LAW OFFICE OF LISA LUONG, P.C.
4554 Jimmy Carter Boulevard
Norcross, Georgia 30093
770-717-9980
lfelgin1@gmail.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1746**

MAY 24, 2021 11:06 AM

*Robin C Bishop*
State Court Bishop, Clerk of State Court
Cobb County, Georgia

# AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Cobb**

Case Number: 21-A-1746

Plaintiff:
**Edwin Keith Evans**
vs.
Defendants:
**Steven Antonio Johnson; Amritt Auto Transport, LLC; And Trisura Specialty Insurance Company**

For: Leonid Felgin
    Law Office of Lisa Luong, P.C.

Received by Ancillary Legal Corporation on the 19th day of May, 2021 at 8:57 am to be served on **Trisura Specialty Insurance Company c/o Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, OK 73159**. I, Misty Marie Locklear, being duly sworn, depose and say that on the 21st day of May, 2021 at 12:00 P.m., executed service by delivering a true copy of the **Summons, Complaint for Damages, Plaintiff's First Request for Admissions to Defendants, Plaintiff's First Continuing Interrogatories and Request for Production of Documents to all Defendants** in accordance with state statutes in the manner marked below:

(✓) PUBLIC AGENCY: By serving  Gary Parrish  as
Agent Authorized to  of the within-named agency.
Accept

( ) SUBSTITUTE SERVICE: By serving _____ as
_____.

( ) CORPORATE SERVICE: By serving _____ as
_____.

( ) OTHER SERVICE: As described in the Comments below by serving
_____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age 60's SEX (M) F Race Caucasian Height 5'9" Weight 240 Hair Grey Glasses (Y) N

**COMMENTS:** _____
_____
_____
_____

## AFFIDAVIT OF SERVICE For 21-A-1746

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 24ᵗʰ
day of ___May___ , 2021 by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # __PSS 2018-43__
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2021005718

Copyright © 1999-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

📧 **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1746**

MAY 17, 2021 02:36 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| **EDWIN KEITH EVANS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.:** |
| | ) | |
| **vs.** | ) | |
| | ) | _____ |
| **STEVEN ANTONIO JOHNSON;** | ) | |
| **AMRITT AUTO TRANSPORT, LLC;** | ) | |
| **And TRISURA SPECIALTY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS**</u>

**COMES NOW,** Plaintiff in the above-styled action, and pursuant to O.C.G.A. Sec. 9-11-36, Defendants are requested to admit the matters set forth below, or deny the same in writing, within FORTY-FIVE (45) days from the date of service hereof.

1.

Admit that Defendant Trisura Specialty Insurance Company is subject to the venue and jurisdiction of this court.

2.

Admit that Defendant Johnson is subject to the venue and jurisdiction of this court.

3.

Admit that Defendant Amritt is subject to the venue and jurisdiction of this court.

4.

Admit that Defendant Trisura Specialty Insurance Company is a proper party defendant in this action.

5.

Admit that Defendant Johnson is a proper party defendant in this action.

6.

Admit that Defendant Amritt Auto Transport, LLC is a proper party defendant in this action.

7.

Admit that on or about August 3, 2020, the vehicle driven by Defendant Johnson collided with the vehicle driven by Plaintiff.

8.

Admit that Plaintiff suffered physical injuries in the automobile collision mentioned in Request for Admission No. 7 above.

9.

Admit that the collision mentioned in Request for Admission No. 7 herein occurred because the Defendant Johnson failed to use due care.

10.

Admit that Plaintiff incurred reasonable medical expenses for treatment of physical injuries caused by the automobile collision mentioned in Request for Admission No. 7 herein, in the amount of $233,738.14.

11.

Admit that Defendant Johnson's negligence proximately caused the injuries of Plaintiff mentioned in Requests for Admission Nos. 8 above.

12.

Admit that the collision mentioned in Request for Admission No. 7 above, was a direct

and proximate result of the negligence of Defendant Johnson.

13.

Admit that Defendant Johnson was under the influence of alcohol and/or drugs at the time of the collision with Plaintiff.

14.

Admit that Defendant Amritt Auto Transport, LLC was an interstate carrier at all times herein.

15.

Admit that Defendant Johnson was acting within the scope of his employment at the time of the collision that occurred on August 3, 2020.

This 17th day of May, 2021.

Submitted By:

Leonid Felgin
Georgia Bar No. 743786
Attorney for Plaintiff

LAW OFFICE OF LISA LUONG, P.C.
4554 Jimmy Carter Boulevard
Norcross, Georgia 30093
770-717-9980
lfelgin1@gmail.com

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1746**

MAY 17, 2021 02:36 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **EDWIN KEITH EVANS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.:** |
| | ) | |
| **vs.** | ) | _____ |
| | ) | |
| **STEVEN ANTONIO JOHNSON;** | ) | |
| **AMRITT AUTO TRANSPORT, LLC;** | ) | |
| **And TRISURA SPECIALTY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND
### REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

#### To the Defendants in the above-styled matter:

Pursuant to O.C.G.A. §§ 9-11-26, 9-11-33, and 9-11-34, you are hereby requested to serve within thirty (30) days from the date of service hereof, in the form provided by law, sworn written answers to the Interrogatories specified herein, giving fully and in detail such information as is available to the you in answering these questions, and copies of the documents and things enumerated in Plaintiff's Request for Production of Documents.

When used herein, the term "Defendant" or any synonym thereof, is intended to and shall embrace and include, in addition to each Defendant listed above, to each of your attorneys, agents, servants, employees, representatives, private investigators and others who are in possession of, or who may have obtained information for or on your behalf.

You are reminded that you are under a duty seasonally to supplement your responses with respect to any question addressed to:

a) the identity and location of persons having knowledge of discoverable matters;
b) the identity of each person expected to be called as an expert witness at trial;
c) the subject matter on which said expert is expected to testify;
d) the facts upon which the expert bases said opinions; and
e) the substance of such expert's testimony.

Objections based on Privilege: In the event that any information, documents, or things requested herein is withheld under a claim of privilege, please provide the following information

with respect to each:

a) The type of information, document or thing, its general subject matter, the place, and the appropriate date it was gathered, learned, prepared, or created;

b) The name, address, phone number and title of each person who prepared, created, learned, or gathered the information, document or thing and the name, address, phone number and title of each person who has received or examined the information, document or thing or copy thereof; and

c) A statement of the circumstances which bear on if the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or to just a part of the information, document or thing.

## INTERROGATORIES

### 1.

Please provide the full name, home address, home phone number, office phone number, and place of employment for every person, firm or entity who answered or assisted in answering these interrogatories.

### 2.

Please describe, in detail, your insurance coverage as it relates to this case; particularly:

a) Does any <u>primary</u> insurance agreement or bond exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?

    1. If such an insurance agreement or bond does exist, what are the limits of liability contained in the terms of any such agreement?

    2. If such an insurance agreement or bond does exist, what are the legal names of every party to the agreement itself and to any further or subordinate agreement which in any way relates to the terms of any such agreement?

    3. What is the amount of any deductible or self-insured retention?

b) Does any <u>excess</u> insurance, bond or reinsurance agreement exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?

    1. If such an insurance agreement, bond or reinsurance agreement does exist, what are the limits of liability contained in the terms of any such agreement?

2.  If such an insurance agreement, bond or reinsurance agreement does exist, what are the legal names of every party to the agreement itself and to any further or subordinate agreement which in any way relates to the terms of any such agreement?

3.  What is the amount of any deductible, minimal underlying limits, or self-insured retention?

c)  If in addition to the policy or policies described in the answers to the foregoing subsection, are Defendants aware of any type of excess or umbrella insurance coverage which would or might cover any judgment that was rendered against the defendant in this case, please give for each policy of insurance the same information as requested in the lettered subparts of the foregoing interrogatory.

3.

Do you, your attorneys, your insurance carriers or anyone acting on your or their behalf have or know of any photographs, motion pictures, maps, plates, drawings, diagrams, videotapes or other tangible or documentary evidence concerning any of the events, happenings, scene of the collision, or the condition of any vehicle (or any part thereof) involved in the collision either before or after the event alleged in this action?  If so, please identify:

a)  each tangible item's specific subject matter;
b)  the date if was made or taken;
c)  the name and address of the person making or taking it;
d)  what each item purports to show, illustrate or represent; and
e)  the name and address of each person having custody of such item or items.

4.

Please describe the nature of your relationship with Defendant Johnson, and the circumstances of his employment, and his prior history; particularly:

a)  explain the nature of the employment relationship between you and Defendant Johnson on the day of the collision (lease operator, company driver, temporary driver, owner-operator, etc.) and include the date the relationship began, the date it terminated, and, if applicable, the person from your company involved in any such termination.

b)  Were any tests (blood, urine, or other) performed on Defendant Johnson by anyone individual or entity, pursuant to state or federal regulation or your own safety policies, at any time during the period commencing 45 days prior to the collision through and

including 45 days after the collision?  If so, please state the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms or entities who are in possession of a copy of the results of said tests.

c) Please state the names and addresses of all of Defendant Johnson's employers for the last ten years (excepting the employer named in answer to interrogatory number 1, if any); and with respect to each such employer, state the dates of the period of time employed by each such employer.

d) If Defendant Johnson was employed on the date of the incident, which is the subject matter of this suit, or is presently self-employed, please describe the nature of your business and the inclusive dates said defendant has engaged in that particular occupation, business or profession.

e) Please state if Defendant Johnson has ever been involved in a motor vehicle accident prior to the incident which is the subject matter of this suit. If so, please state:

  1. The date of each accident;
  2. The location at which each accident occurred;
  3. A description of any other motor vehicles involved in each accident; and
  4. The names of the owner and operator of any other motor vehicles involved in each accident.

f) Please state if Defendant Johnson has ever been convicted of any moving traffic violation within the past ten years.  If so, state:

  1. The date, time and place;
  2. The nature of the violation;
  3. The name of the court in which the case was heard or in which a plea was entered; and
  4. The number of points assigned, if any, for the violation.

5.

State the name and address for the Safety Director, Federal Safety Regulation Compliance Officer, and the dispatcher for your organization who were in the positions named above during any portion of Defendant Johnson's driver's trip which ultimately was involved in the collision referenced in the Complaint.

6.

Please describe the circumstances of Defendant Johnson's trip at the time of the collision, particularly:

4

a) On the particular trip while which the accident complained of herein occurred, what was Defendant Johnson's point and time of departure, intended destination and purpose of the trip?

b) As to both the tractor and trailer involved in the collision which Defendant Johnson was operating, please state:

   1. each manufacturer, make, model number and year;
   2. the trailer's length and width thereof at the longest and widest portions, respectively;
   3. the weight of the trailer empty, its carrying capacity, and the gross vehicular weight;
   4. the name of the entity to whom the tractor and the trailer were titled; and
   5. the total gross weight of the tractor-trailer at the time of the collision.

c) Please state whether the tractor or trailer involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck.  If so, please state the name and address of the person having custody of the graphs, printouts, raw data or other documentary evidence produced or capable of being produced by said machine regarding any data for any and all parts of the trip which ultimately was involved in the collision which forms the basis of Plaintiff's Complaint.

d) Please state the name and address of the registered owner of the tractor trailer vehicle which is alleged to have collided with the motor vehicle operated by or occupied by Plaintiff at the time of the incident which is the subject matter of this suit.

e) In reference to the load being transported at the time of the collision, please identify:

   1. where the load originated;
   2. the contents and weight of the load;
   3. the final destination for the load;
   4. any contracts signed or entered into pertaining to the transportation of said load; and
   5. the name, address and phone number of the person or persons employed by the contractor and shipper who was in charge of the load at the place where said load originated.

f) Please state if Defendant Johnson was employed on the date of the incident which is the subject matter of this suit; and if so, state the name and address of his employer, in what capacity he was employed and for how long a period of time he had been so employed by

the employer named.

7.

At the time of the collision, did you have any policy or procedure manuals pertaining to the operation of a tractor-trailer such as driver's manuals, company rules, or other tangible materials by whatever name? If so, provide the name of each such manual.

8.

For each request for admission that you deny, in whole or in part, please state each fact upon which you rely in asserting each such denial.

9.

Please describe your response to the collision and its effects on you; particularly:

a) Please state whether the motor vehicle owned by you or operated by Defendant Johnson at the time of the accident which is the subject of this suit was damaged in said accident. If so, state:

   1. If the vehicle was repaired, the amount of the repair bill; and

   2. The name and address of the garage, repair shop or service station which completed the repairs to the vehicle.

b) Please state if any defendant was charged with any traffic violation as a result of the accident which is the subject matter of this suit. If so, state:

   1. The nature of the charge placed against you;
   2. The authority making the charge against you; and
   3. The disposition made of the charges.

c) Please state whether you, your attorneys, agents or investigators or anyone acting on your or their behalf obtained statements in any form from any persons regarding any of the events or happenings that occurred at the scene of the accident referred to in the complaint immediately before, at the time of or immediately after said accident. If so, please state:

   1. The name and address of the person from whom any such statements were taken;

   2. The dates on which such statements were taken;
   3. The names and addresses of the persons who took such statements; and
   4. The names and addresses of the persons having custody of such statements.

10.

Please state whether Defendant Johnson was under a physician's care at the time of the

incident; and if so, for what purpose and give the physician's name and address.

11.

Please state the names and addresses or information sufficient for the location of each and every person in the following categories:

a) Each person known or reasonably believed by you or known by your attorneys, agents or investigators to have knowledge of any facts relevant to the incident which is the subject matter of this suit;

b) Each person known or reasonably believed by you or known by your attorneys, agents or investigators to have possession of any photographs, diagrams or plats pertaining to this controversy;

c) Each person known or reasonably believed by you or known by your attorneys, agents or investigators to have made or taken any photographs of:

   1. The scene of the accident;
   2. Any of the vehicles involved in the accident; and
   3. The effects of any injuries suffered by the plaintiff.

d) Each person known or reasonably believed by you or known by your attorneys, agents or investigators to have heard Plaintiff make any statement, remark or comments concerning the incident alleged in the Complaint herein.

e) Each person expected by you, your attorneys or any representative of yours to testify as an expert witness during the trial of this matter.

f) Each person known or reasonably believed by you or known by your attorneys, agents or investigators to have been eyewitnesses to the incident described in the Complaint herein.

g) Please state whether any of the experts listed in answer to this interrogatory have rendered any reports, either written or oral, concerning any facts or opinions involving any of the issues in this case. If the answer is in the affirmative, please state:

   1. The name of the expert(s) and the issues about which he/she has formed or expressed an opinion;
   2. Whether the opinion or report of the expert was oral or written and the date upon which said opinion or report was given, and if written, the name and address of the person(s) having said report or any copy thereof in his/her possession and control;
   3. The fact(s) determined and the opinion(s) formed or expressed by each expert; and
   4. The substance of the facts relied upon by said expert in arriving at his/her

7

opinion(s).

12.

Please describe Defendant Johnson's conduct in the time period preceding the collision, specifically:

a) Did Defendant Johnson take any sedative, tranquilizers or other drugs and medicines during the 72-hour period immediately preceding the happening of the incident herein complained of?   If so, please state an identification of the nature and type of such medication and the amount of time over which consumed.

b) Did Defendant Johnson consume any alcoholic beverages of any type during the 24-hour period immediately preceding the occurrence of the incident?  If so, specify:

   1. The nature and amount of such alcoholic beverages and the time over which and place at which consumed; and

   2. The name and address of all persons with whom Defendant Johnson was drinking.

c) At the time of the incident referred to in the Complaint, was Defendant Johnson wearing any prosthetic device, brace, cast or appliance?

d) Please state whether Defendant Johnson was under a physician's care at the time of the incident; and if so, for what purpose and give the physician's name and address.

13.

Identify the following facts which may be used as a legal defense in this matter:

a) every act by which you claim the Plaintiff unreasonably exposed herself to a foreseeable risk of injury.

b) If you have raised any affirmative defenses in your Answer to the Complaint, state the factual and/or legal basis for each defense, while noting the requirement in Rule 3.1(b) of the Georgia Rules of Professional Conduct, which provides that a lawyer shall not knowingly advance a defense that it unwarranted under existing law or that cannot be supported by a good faith argument.

c) Identify every other act, statement, document or event which supports any asserted contention that Plaintiff contributed or caused any part of the collision made subject of the Plaintiff's Complaint.

d) Identify every other act or event which supports each affirmative defense that you raise.

14.

Does the defendant have in its possession or under its control any medical reports, communications, or written material not heretofore disclosed relating to the Plaintiff's medical condition prior to the accident involved in this case? If so, identify the nature of each record, communication and written information, its author or writer, and the date thereof.

## REQUEST FOR PRODUCTION OF DOCUMENTS

The above-named Defendants are hereby requested to produce the following described documents pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34 and are hereby requested to comply therewith by producing all such requested documents to counsel for the Plaintiff on the 30th day following service hereof upon you, at 10:00 a.m. at the law offices of Lisa Luong, P.C., 4554 Jimmy Carter Boulevard, Norcross, Georgia 30093.

1.

A copy of the MC-50 B or T prepared as a result of this collision.

2.

A copy of the "accord" statement you filed with any insurance carrier to advise them of the collision described in the Complaint, any claim for property damage, or for any other claims involved herein.

3.

Copies of any photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence relevant to this collision.

4.

Any and all documents pertaining to the load being carried at the time of the collision, including, but not limited to, bills of lading, contracts, toll receipts, food receipts, and fuel receipts.

5.

Defendant Johnson's complete application for employment, including, but not limited to, the application required under Federal Motor Carrier Safety Regulations of the U. S. Department of Transportation, Part 391.21.

6.

Your complete personnel or employment file concerning Defendant Johnson.

7.

Defendant Johnson's qualifications file, including, but not limited to, the file required under Federal Motor Safety Regulations of the U. S. Department of Transportation, Part 391.51.

8.

Inquiries and responses to state driving agencies of or regarding Defendant Johnson made pursuant to the Federal Motor Carrier Safety Regulations of the U. S. Department of Transportation, Part 391.23.

9.

Inquiries and responses concerning annual reviews of driving records and records of violations regarding Defendant Johnson, made pursuant to the Federal Motor Carrier Safety Regulations of the U. S. Department of Transportation, Part 391.25 and 391.27.

10.

Logs and records commonly known as "Driver's Daily Logs," "MCS-139," "MCS-139A," "grid sheets" or "Driver's Multi-Day Logs" concerning Defendant Johnson for the period commencing one (1) month prior to the collision described in the Complaint to and including thirty (30) days after the date of the collision described in the Complaint. (See, Federal Motor Carrier Safety Regulations of the U. S. Department of Transportation, Part 395.8.

11.

Results of tests administered to Defendant Johnson pursuant to the Federal Motor Carrier Safety Regulations of the U. S. Department of Transportation, Part 391.31, 391.35, 391.41, and 391.43 pertaining to road tests, written exams and medical exams, respectively.

12.

Any and all results of any random, "reasonable cause," pre-employment, biennial, and post-accident drug testing pursuant to 49 C.F.R. §391, state regulation, or company policy of the driver of your vehicle.

13.

Any and all call-in reports or "accident call records" generated pertaining to this collision.

14.

The original raw data and copies of any and all printouts of any on-board recording device, any on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by

any other name which records information concerning the operation of the tractor trailer for the period commencing thirty (30) days before the collision through and including ten (10) days after the collision.

15.

Copies of any and all daily vehicle inspection reports concerning the subject tractor trailer involved in the collision for the sixty (60) days prior to the collision, through and including the ten (10) days after the collision.

16.

All claim forms and correspondence concerning this collision from the owner of the property being transported by you at the time of the collision.

17.

Copies of all documents, correspondence and reports sent to or received from any federal, state or local regulatory agency pertaining to this collision.

18.

Copies of all "com-checks," checks, drafts, fuel tax receipts, toll receipts, food receipts, and other documentation for the particular trip wherein the collision occurred commencing from the initial starting point until the time of the collision.

19.

Copies of all driver's manuals, company manuals, and other materials pertaining to company, federal or state rules in effect at the time of the collision described in Plaintiff's Complaint.

20.

Copies of all documents and tangible items identified, referred to, reviewed, or known to be in existence in any Defendants' responses to Plaintiff's interrogatories.

21.

Please produce any medical records, communications, or written material relating to Plaintiff's medical condition either prior to and/or subsequent to the accident involved in this case that Defendant(s) has/have in its/their possession or control now or at any point and time in the future.

This 17th day of May, 2021.

Respectfully submitted,

Leonid Felgin

11

Georgia Bar No. 743786
Attorney for Plaintiff

LAW OFFICE OF LISA LUONG, P.C.
4554 Jimmy Carter Boulevard
Norcross, Georgia 30093
770-717-9980
lfelgin1@gmail.com